**In the Matter of Larry Eugene Bennett.**

**Larry Eugene BENNETT, Appellant,**

**v.**

**W. T. GRANT COMPANY, Appellee.**

**No. 72–2361.**

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1973.

Decided July 9, 1973.

Alexander P. Smith, Norfolk, Va., (Smith, Power & Owens, Norfolk, Va., on brief), for appellant.

Eugene Forrest Gordman, Norfolk, Va., for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

Larry Eugene Bennett appeals from the action of the district court affirming an order of the Referee in Bankruptcy declaring his indebtedness to W. T. Grant Company to be non-dischargeable in bankruptcy under Section 17(a)(2) of the Bankruptcy Act, as amended, 11 U.S.C. § 35(a)(2), by reason of his "willful and malicious conversion of the property" of Grant.

The facts are undisputed. Prior to his bankruptcy Bennett purchased a refrigerator, a washer and a dryer from Grant by conditional sales contracts under which Grant retained title to the property. Thereafter Bennett decided to purchase a mobile home which was equipped with such appliances and so advised Grant and requested that it repossess the items and reduce the amount of his payments. Grant declined this request and Bennett then delivered the appliances to the mobile home dealer and received a credit for them to be applied on the purchase of the mobile home. The amount of such credit or allowance does not appear in the record.

Section 17(a)(2) excludes from discharge, *inter alia,* any debts which are liabilities "for willful and malicious conversion of property of another." While it is true that every act of conversion is not necessarily "willful and malicious" within the meaning of the statute, *see* Davis v. Aetna Acceptance Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), nevertheless if the act of conversion is done deliberately and intentionally in knowing disregard of the rights of another, it falls within the statutory exclusion even though there may be an absence of special malice. McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916), Collier on Bankruptcy, Vol. 1A ¶ 17.09 at 1599 (14th ed.). The evidence clearly supports the finding of the Referee that Bennett's act was a willful and malicious conversion of Grant's property and the district court's affirmance was correct.

While Bennett's conduct warranted the finding of the Referee, we think the circumstances of this case called for some investigation of Grant's conduct subsequent to Bennett's disposition of the property. Under the Uniform Commercial Code as adopted in Virginia, the appliances were "consum-

ers' goods"[1] and as such they continued to be subject to Grant's security interest in the hands of the mobile home dealer.[2] If Grant acquired knowledge of the transaction at a time when it could have asserted its security interest in the property and failed to take reasonable steps to protect its security, the indebtedness secured thereby should be discharged. It should be borne in mind that while bankruptcy is a specialized system of jurisprudence, a bankruptcy court is basically a court of equity and in a case such as this should be guided by equitable principles. *See* Young v. Higbee Co., 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890 (1945); Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

Accordingly, we remand this case to the district court with directions that the Referee conduct a further hearing to develop evidence on this point.

Remanded.