In re Jesse L. HAWKINS, Wanda Hawkins, Debtors.

**LIBERTY NATIONAL BANK & TRUST COMPANY, Plaintiff,**

v.

**Jesse L. HAWKINS, Defendant.**

Bankruptcy No. 3–79–02242.
Adv. No. 3–80–0076.

United States Bankruptcy Court, W. D. Kentucky.

Aug. 28, 1980.

David T. Stosberg, Louisville, Ky., for plaintiff.

Louis M. Nicoulin, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge:

This bankruptcy proceeding comes before the Court on complaint of Liberty National Bank and Trust Company, a creditor, seeking a determination that a debt owed to it by the debtor in the amount of $800.00 be held nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523, which excepts from discharge any debt "... for willful and malicious injury by the debtor to another entity or to the property of another entity ...."

The material facts as they pertain to the issue raised herein can be briefly stated and are as follows:

Prior to the filing of the bankruptcy petition, debtor borrowed money from plaintiff for the purpose of purchasing a 1977 Ford LTD automobile and granted to the plaintiff a security interest in the automobile. In February, 1979, as the result of a single car accident, the automobile was severely damaged and was not at this time covered under any policy of insurance. Subsequently, in April of 1979, the debtor sold the wrecked automobile for use as parts to Marshall Reed for the orally agreed price of $800.00. The debtor received $300.00 in cash but did not receive a note for the remaining $500.00 of the agreed price, and has never obtained any part of the remaining monies owing. Of the $300.00 cash received, the debtor remitted $188.00 to the plaintiff and used $112.00 as payment of miscellaneous obligations. The plaintiff asserts that the debtor willfully and maliciously converted its security interest by selling the automobile, and therefore the $800.00 debt is nondischargeable in bankruptcy. The debtor seeks to discharge the

debt on the ground that his conversion was not malicious within the statutory wording of the Code so as to be held nondischargeable.

The Court has jurisdiction of the parties and the subject matter of this bankruptcy pursuant to 28 U.S.C. § 1471.

The issue before the Court is whether or not the facts of this case are sufficient within the statutory language of the Code to have the debt declared nondischargeable.

In 11 U.S.C. § 523(a)(6), the Code provides that a discharge will not release a debtor from his obligation for a debt for willful and malicious injury by the debtor to the property of another entity. Under the Bankruptcy Act of 1898, this problem was controlled by § 17(a)(2), 11 U.S.C. § 35(a)(2), which read in part that "[a] discharge in bankruptcy shall release a bankrupt from all his provable debts . . . except such as (2) are . . . for willful and malicious conversion of the property of another."

It seems clear from the legislative history of the Bankruptcy Reform Act of 1978, that the phrase in the present law "willful and malicious injury" was intended to include "willful and malicious conversion." See 3 Bkr. L.Ed. § 22:35 citing 95 Cong.Rec.H. 11096 (Sept. 28, 1978); Bkr. L.Ed., Legislative History § 81:3.

With the change in bankruptcy law came a change in the standards applicable in construing § 523(a)(6). 3 *Collier on Bankruptcy*, ¶ 523.16[3] (15th Ed. 1979). It was well settled by prior case law that the proper interpretation to be placed on the parallel provision of § 17(a)(2) of the Act was the standard of "reckless disregard". See *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904).

*Tinker* held that an injury to an entity or property could have been malicious if it was wrongful and without just cause or excessive, even absent personal hatred, spite, or ill will. Thus, the conversion of one's property without his knowledge or consent, done intentionally and without justification or excuse to the other's injury, was considered a willful and malicious injury within the meaning of the Section 17(a)(2) exception. 3 *Collier on Bankruptcy*, ¶ 523.16[1] (15th Ed. 1979), citing *Tinker v. Colwell* and numerous progeny as authority.

The Fourth Circuit Court of Appeals in *Bennett v. W. T. Grant Co.*, 481 F.2d 664 (4th Cir., 1973), upheld the *Tinker* standard. *Bennett* essentially stood for the proposition that while not every act of conversion was necessarily willful and malicious, if the act was done deliberately and intentionally in knowing disregard of the rights of another, the debt was nondischargeable.

However, in the House and Senate Reports involving legislative discussion of the Bankruptcy Code, the "knowing disregard" standard was expressly overruled. H.R. Rep.No. 595, 95th Cong., 1st Sess. 363 (1977); S.Rep.No. 989, 95th Cong., 1st Sess. 77–79 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. In express words the legislative history states, "[t]o the extent that *Tinker v. Colwell* [cite omitted] held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." 3 Bkr. L.Ed. § 22.35 citing Legislative History § 82:17. Collier notes the same fact: "the 'reckless disregard' standard and the cases that uphold that standard in construing section 17(a)(2) of the Bankruptcy Act are not applicable in interpreting section 523(a)(6)." 3 *Collier on Bankruptcy*, ¶ 523.16[3] (15th Ed. 1979).

The leading decision in the non–*Tinker* area held that a claim founded on a mere technical conversion without conscious intent to violate the rights of another, and under mistake or misapprehension, is dischargeable. 3 *Collier on Bankruptcy*, ¶ 523.16[3] (15th Ed., 1979), citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). In *Davis*, Justice Cardozo, writing for the Court, observed, ". . . a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized

assumption of dominion without willfulness or malice ... [upon] an honest or mistaken belief." 239 U.S. at 331–332, 55 S.Ct. at 153.

In *Davis*, the Supreme Court of the United States held that the conversion, termed by the Court a "technical conversion", lacked the elements of willfulness and maliciousness necessary to except the debt from discharge under § 17(a)(2) of the Act, and concluded that malice must encompass "an intent to harm" the creditor.

Now that the "reckless" or "knowing disregard" standard has been obviated by Congressional intent, there remains the requirement of showing "maliciousness" in addition to "willfulness" in order to come within the § 523(a)(6) exception. Without the *Tinker* standard, that leaves the necessity of proving "intent to do harm".

The standard of "intent to do harm" has been applied in several cases construing § 523(a)(6) of the Code, 11 U.S.C. § 523(a)(6). *In Re Bryson*, 3 B.R. 593 (Bkrtcy., N.D.Ill., 1980), involved the analysis of a long line of automobile accident cases under former law in an effort to determine the standard applicable to dischargeability under § 523(a)(6). After discussion of the legislative history of the Code and precedent case law under the Act, the court found that the debt resulting from the automobile accident in this case was dischargeable. The court ruled that although the conduct of the debtor demonstrated reckless disregard in that he was driving while intoxicated, there was no evidence that he intended to injure anyone and that § 523(a)(6) requires intentional or deliberate conduct. 3 B.R. at 595.

In a recent case more analogous to the one at bar, *In Re Hodges*, 4 B.R. 513 (Bkrtcy., W.D.Va., 1980), the bankruptcy judge applied the "intent to do harm" standard under § 523(a)(6). Again, after discussion and analysis of case law and legislative history, the court determined that the debt was dischargeable. The court reasoned:

"[T]he requisite element of maliciousness is not proved by a showing of mere negligence ... The Debtor ... did not testify that he accidentally sold his stereo equipment; he did so deliberately ... But that explains only half the problem. Code Section 523(a)(6) reads in the conjunctive, not the disjunctive: 'willful and malicious'. While he may well have willfully sold the secured property, he did not appear to do so maliciously." 6 BCD at 533.

It was well settled under former law and it continues to be true that the exceptions set forth in § 17(a)(2) of the Bankruptcy Act (§ 523[a][6] of the 1978 Code) are to be strictly and literally construed so as to discharge all debts except those specifically within the exceptions. *Davison–Paxon Co. v. Caldwell*, 115 F.2d 189 (5th Cir., 1940); *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540 (W.D. Va., 1967).

It is true that to accept statements of honest motives and innocent intent without "additional evidence, clear and convincing in character, would result in affording an easy method of frustrating the purposes of the law." *In Re Monsch*, 18 F.Supp. 913 (E.D.Ky., 1937). The Court is not bound to accept self–serving testimony. *In Re Bebar*, 315 F.Supp. 841 (E.D.N.Y., 1970).

In this case, the debtor cannot say that he sold the Ford automobile accidentally. If he did not sell the automobile accidentally, then logically he must have converted the interest of plaintiff deliberately and intentionally, or willfully. While the debtor may have willfully sold the property, he does not appear to have done so maliciously. In fact, the debtor remitted to the plaintiff part of the proceeds he received from the sale of the property. This court, though not bound to accept self–serving statements of motive, cannot hypothesize further the intent of the debtor.

The debtor may well be guilty of conversion under the *Tinker* reasoning that this conversion was a "reckless disregard" of his duty. However, he is clearly not chargeable under the standard of "willful and malicious injury" applicable to § 523(a)(6) of the Bankruptcy Code.

x
100

This memorandum constitutes Findings of Fact and Conclusions of Law, Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the debt owed to the plaintiff by the debtor be and is dischargeable in the amount of $800.00.

A copy of this Memorandum and Order is mailed to the debtor; to the attorney for the debtor; and to the attorney for the plaintiff.