In re Dora HANSON, Debtor.

Adeline SANFORD and Hermoine Hammargren, Plaintiffs,

v.

Dora HANSON, Defendant.

Bankruptcy No. 84–05106.
Adv. No. 84–7082.

United States Bankruptcy Court,
D. North Dakota.

Oct. 30, 1984.

Wickham Corwin, Fargo, N.D., for plaintiffs.

Dora Hanson, pro se.

## MEMORANDUM OPINION AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Plaintiffs on June 4, 1984, commenced the instant adversary action alleging a judgment entered in North Dakota State District Court to be non-dischargeable under section 523(a)(6) of the Bankruptcy Code. On June 28, 1982, a Judgment was entered in State District Court jointly and severally against the Defendant, Dora Hanson, and Kenneth C. Sanden in the sum of $117,867.03. The Plaintiffs premise their case solely upon the prior state court proceedings and rely upon the doctrine of collateral estoppel. The Defendant denies the issue of willful and malicious conduct was previously litigated or that the judgment as entered in state district court was entered on that basis.

The adversary case was tried to this Court on October 29, 1984, with the Defendant, Dora Hanson, appearing pro se. At trial, the only evidence presented by the Plaintiffs were certified copies of the following: Plaintiffs' Third Amended Complaint in State District Court; Special Verdict Form For Malicious Prosecution; State District Court Order For Judgment; State District Court Judgment. It is the Plaintiffs' position that the material facts as necessary to the instant dischargeability action were conclusively established in the prior state court proceedings and that the issues tried were those as set forth in their Third Amended Complaint. It is further their position that after hearing the evidence, a 12-person state court jury returned a special verdict wherein specific findings were rendered on each element necessary to find the resulting judgment non-dischargeable under section 523(a)(6) of the Bankruptcy Code. The Defendants persist in their argument that the original state court proceedings were based upon untrue allegations and that the ultimate jury verdict was based upon perjured testimony and lies of one kind or another. It must be noted at this juncture that the State Court Judgment was affirmed on appeal by the North Dakota State Supreme Court in the case of *Sanford v. Sanden*, 343 N.W.2d 776 (N.D.1984).

To be excepted from discharge under section 523(a)(6) of the Bankruptcy Code, a debt must be one "for willful and malicious injury by the debtor to another

entity or to the property of another entity." While the willful and malicious standard of section 523(a)(6) does not require the presence of personal hatred, spite or ill-will, there must have been a wrongful act done intentionally, without just cause or excuse, and with the intent to injury another. *See In re Thomas Carlton Hodges*, 4 B.R. 513 (Bankr.W.D.Va.1980); *In re Jesse L. Hawkins, Wanda Hawkins*, 6 B.R. 97 (Bankr. W.D.Ky.1980). The term "malicious" has been further defined to require knowing wrongfulness or knowing disregard of the rights of another. *McIntyre v. Kavanaugh*, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916); *Bennett v. W.T. Grant Co.*, 481 F.2d 664 (4th Cir.1973). *See also In re Tanner*, 31 B.R. 338 (Bankr.S.D.Fla.1983), citing the case of *In re Donny*, 19 B.R. 354 (Bankr.W.D.Wis.1982) holding that an injury is willful and malicious if the debtor knew that an injury would be caused and proceeded in the face of this knowledge to carry out the actions which would cause such injury.

■ The Supreme Court of the United States, in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), has made it clear that prior state court judgments have no res judicata effect in determining whether a debt is dischargeable in bankruptcy. However, the narrower doctrine of collateral estoppel may be applied where these same issues have actually been litigated in state court. This was noted in *Brown v. Felsen*, supra, at p. 139, n. 10, 99 S.Ct. at p. 2213, n. 10:

> This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.... If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of section 17, then collateral estoppel, in the absence of counterveiling statutory policy, would bare relitigation of those issues in the bankruptcy court.

By the foregoing dicta, the Supreme Court suggested that the doctrine of collateral estoppel might well apply in situations where a state court had decided factual issues identical to those which would pertain to the issue of dischargeability, and a state court in reaching its decision had relied upon the same standards that would be required in bankruptcy court.

■ Judgment may be premised upon the doctrine of collateral estoppel if four criteria are met; 1) the issue sought to be precluded must be the same issue as that involved in the prior action; 2) the issue must have been actually litigated; 3) the issue must have been determined by a valid and final judgment; and 4) the determination of the issue must have been essential to the final judgment. *See In re Fercho*, 39 B.R. 764 (Bankr.N.D.1984); *In re LaCasse*, 28 B.R. 214 (Bankr.D.Minn.1983).

The issue presented to the North Dakota State District Court jury are those as set forth in the Plaintiffs' Third Amended Complaint, to-wit: Kenneth C. Sanden and Dora Hanson prepared a will for Marius Honerud as a part of a deliberate scheme designed to obtain from the Plaintiffs their rightful inheritance. That they obtained Marius Honerud's signature on the will through the use of force and deception and that acting in concert, Kenneth Sanden and Dora Hanson filed the contested will for probate and initiated and maintained protracted civil litigation in an effort to have the will admitted to probate. During the course of the probate proceedings, Kenneth Sanden and Dora Hanson gave false testimony regarding the facts surrounding the execution of the Honerud will and at all times knew the will was illegitimate. On September 5, 1978, the probate court for Cass County, North Dakota, found that the subject will was invalid. The probate judge's decision was appealed to the Cass County District Court and tried de novo before a 12-person jury which on August 14, 1979, returned a special verdict finding that the subject will was obtained through

undue influence and fraud. On the basis of these allegations, the Plaintiffs tried their malicious prosecution action before a 12-person jury impaneled on May 10, 1982 in North Dakota State District Court for Cass County. At the conclusion of the trial, the jury was given a special verdict form for malicious prosecution and answered the following questions:

1. Did the Defendant Kenneth C. Sanden, as a reasonable person, have honest belief that the action he brought and the means taken in pursuing it were legally just and proper as defined under the instructions?

Answer: No

2. Did Defendant Kenneth C. Sanden institute and continue the prior will contest proceedings with "malice" or "maliciously" as defined in the instructions?

Answer: Yes

3. Did Defendant Dora Hanson conspire or act in concert with Defendant Kenneth C. Sanden in connection with the institution and continuance of the prior will contest proceedings as defined under the instructions?

Answer: Yes

4. Did Defendant Dora Hanson, as a reasonable person, have an honest belief that her acts of conspiring or acting in concert with the Defendant Kenneth C. Sanden and the means taken in pursuing the will contest were legally just and proper?

Answer: No

On the basis of the foregoing special jury verdict answers, the jury on May 27, 1982, awarded Plaintiffs both compensatory and punitive damages. The State District Court entered an Order for Judgment based upon the jury verdict on June 28, 1982, and on the same date a Judgment was entered in favor of the Plaintiffs and against the Defendant Kenneth Sanden including all sums for which he was found to be jointly and severally liable in the sum of $105,305.94. The total judgment entered in favor of the Plaintiffs and against the Defendant Dora Hanson including all sums for which she was jointly and severally liable was in the sum of $117,867.03.

Based upon a review of the documents submitted, this Court holds that the issues bearing upon the question of whether the conduct of Kenneth Sanden and Dora Hanson constituted willful and malicious conduct under section 523(a)(6) of the Code were presented to and tried by a jury and that jury actually decided precisely the issues which would be essential to a determination of non-dischargeability. The jury, after having heard all the evidence submitted at the state court trial, specifically found that Kenneth Sanden and Dora Hanson instituted the will contest proceedings with malice and that neither of them had an honest belief that their action was legally just or proper. The doctrine of collateral estoppel prevents the bankruptcy court from relitigating or reconsidering issues that have been specifically decided by a court of general jurisdiction in previous proceedings provided the factual issues were identical to those which would pertain to the issue of dischargeability and that the same standards were employed. The doctrine of collateral estoppel ought to have even greater weight where a duly impaneled jury of 12 persons made the decision. Courts have always been particularly loath to overturn a jury verdict. This is no less so for a bankruptcy court. The jury's decision in the State Court proceeding is conclusive of the issues and is determinative of the question of whether the Judgment is non-dischargeable.

Accordingly, and for the reasons herein stated, the Court finds that the State Court Judgment entered against the Defendant Dora Hanson on June 28, 1982, is non-dischargeable.

LET JUDGMENT BE ENTERED ACCORDINGLY.