In re Joseph MAIOLO.

**FIRST NATIONAL BANK OF CENTRAL JERSEY, Plaintiff,**

v.

**Joseph MAIOLO, Defendant.**

**Bankruptcy No. 79–03626A.
Adv. No. 80–0122A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 25, 1981.

Wayne F. Carmichael, Zachary & Segraves, P.A., Decatur, Ga., for First National Bank of Central Jersey.

Ansell T. Maund, III, College Park, Ga., for Joseph Maiolo.

HUGH ROBINSON, Bankruptcy Judge.

### ORDER

Plaintiff First National Bank of Central Jersey commenced this adversary proceeding by filing a complaint to determine the dischargeability of a debt on February 19, 1980. This matter came on regularly to be heard before the Court on June 24, 1980 in Atlanta, Georgia. The Court, having heard the evidence presented at trial and having reviewed the pleadings on file, makes the following decision.

### FINDINGS OF FACT

Joseph Maiolo, ("Defendant"), used to live in New Jersey with one Robert Sutton, ("Sutton"), and Sutton's wife. Sutton formerly owned a Chevrolet Camero which was purchased by Defendant. Desiring to buy another car Sutton sold the Camero back to the dealership from which he purchased the car. The car was then sold to Defendant on August 11, 1975, and financing was arranged with Plaintiff through the dealer. Plaintiff acquired a purchase money security in the Camero under the Installment Sales Contract and Security Agreement executed by the parties to this transaction. This contract was cosigned by Sutton and his wife. Defendant made three payments on the loan, the last payment occurring in December of 1975.

About three or four months after Defendant purchased the car he left New Jersey and moved to Georgia with the Suttons. Defendant did not notify Plaintiff of his whereabouts nor did he have any further contacts with Plaintiff until October of 1978. In October of 1978 Mr. Thorn, an employee of Plaintiff, contacted Defendant and discussed a payment arrangement with him. It was agreed that Defendant would make an immediate payment of $1,000.00 and monthly payments of $50.00 for 18 months. Unable to come up with $1,000.00, Defendant made no payments at all. Plaintiff obtained a judgment in the amount of $5,166.53 against Defendant in the State Court of Fulton County on June 1, 1979. The Camero was thereafter repossessed and sold at auction for $540.00.

Defendant filed a voluntary petition in bankruptcy on December 10, 1979. Plaintiff filed a complaint objecting to the dischargeability of the loan debt owed by Defendant to Plaintiff. It is alleged that Defendant obtained money from Plaintiff for the purchase of an automobile through false pretenses, and that Defendant willfully and maliciously injured the autmobile which secured Plaintiff's debt. Plaintiff argues

that the loan debt is nondischargeable under 11 U.S.C. § 523(a)(2) and (6). At the hearing on the complaint, Plaintiff abandoned the claim based on 11 U.S.C. § 523(a)(2).

## APPLICABLE LAW

■ Plaintiff contends that the loan debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6). This section provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity; . . ."

This section encompasses injury to intangible personal or property rights as well as physical damage or destruction. 3 *Collier on Bankruptcy* (15th Edition) ¶ 523.16[1].

Legislative history reveals that Congress intended to overrule the "reckless disregard" standard spawned by *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902). House Report No. 95–595, 95th Cong., 1st Sess. (1977) 363; Senate Report No. 95–989, 95th Cong.2d Sess. (1978) 77–79, U.S.Code Cong. & Admin.News 1978, p. 5787. It is generally held that under Section 523(a)(6) it must be shown that the debtor acted deliberately and intentionally with the intent to do harm before a debt will be held nondischargeable. *In Re Hinkle*, 9 B.R. 283, 7 BCD 349 (Bkrtcy. D.Md. 1981); *In Re Hodges*, 4 B.R. 513, 6 BCD 531 (Bkrtcy. W.D.Va.1980); *In Re: Hawkins*, 6 B.R. 97, 6 BCD 1054 (Bkrtcy. W.D.Ken. 1980); *In Re Bryson*, 3 B.R. 593, 6 BCD 199 (Bkrtcy. W.D.Va.1980); *In Re Hawkins,* 6 B.R. 19, 6 BCD 1081 (Bkrtcy., D.Ore.1980).

Plaintiff contends that Defendant's failure to keep the car insured and in good repair constitutes willful and malicious injury to property in which Plaintiff has an interest. The evidence shows that Defendant's autmobile insurance was cancelled for nonpayment of premiums on or about February 17, 1976. No automobile insurance was obtained by Defendant until approximately a year later. The Camero was involved in at least two accidents and suffered some damage as a result thereof. The extent of the damage is unclear, however, the testimonial evidence indicates that no repairs were made. Sutton also testified that Defendant failed to repair rust spots on the car. Although these repairs were not made defendant made other extensive repairs to the car. The engine was replaced, the front end of the car was rebuilt, new tires were put on the car and a new radio was installed. There is in evidence a "Condition Report" made on the Camero by the Automobile Recovery Bureau. This report indicates that the car was in poor condition at the time it was repossessed. However, Defendant testified that he thought the car was worth $1,500.00 at the time it was sold.

■ The evidence suggests that Defendant may have breached his contractual obligations to Plaintiff in that he allowed his car insurance to lapse and he failed to keep the car in good repair. However there is nothing in the record which proves that these possible breaches occurred as a result of Defendant's willful and intentional actions done with the intent to harm Plaintiff. Furthermore the evidence does show that Defendant did some repair work on the car, and he eventually obtained car insurance.

The party challenging the dischargeability of a debt bears the burden of proof. Rule 407 of the Bankruptcy Rules, *In Re: Hodges, supra*. After reviewing the evidence and the case file the Court must conclude that Plaintiff did not sustain the burden of proving the nondischargeability of Defendant's loan debt under 11 U.S.C. § 523(a)(6).

## CONCLUSIONS OF LAW

1. Plaintiff failed to prove that Defendant willfully and maliciously injured the Camero which secured Defendant's loan debt to Plaintiff. It is therefore

ORDERED that the loan debt owed by Defendant to Plaintiff shall be and same is hereby determined to be a dischargeable debt.