**In the Matter of Steven Alan McLAUGHLIN, Bankrupt,**

**FIRST NATIONAL BANK OF ATLANTA, Plaintiff,**

v.

**Steven Alan McLAUGHLIN, Defendant.**

**Bankruptcy No. 79–0037A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Oct. 22, 1981.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This was heard on July 29, 1980 on Plaintiff First National Bank of Atlanta's (hereinafter "FNB") Complaint to Determine Dischargeability of Debt. Counsel submitted letter briefs and the case was taken under advisement.

The facts are not complicated but the testimony is to a certain extent in conflict. Therefore the Court makes the following findings of fact.

(1) In August of 1978 FNB financed a boat, motor, and trailer (referred to collectively hereinafter as simply "the boat") for debtor/defendant Steven A. McLaughlin (hereinafter "McLaughlin") and took a security interest therein. The validity of the security agreement and the security interest is not disputed.

(2) The loan was current to June of 1979.

(3) McLaughlin, realizing he would have trouble meeting payments on the boat (he was working only part-time when he could even find work) contacted FNB to discuss selling the boat. The installment note itself provided that the borrower could not sell the collateral without obtaining written consent of the holder of the note. The testimony is in conflict here, with McLaughlin asserting that he talked with various FNB officials about selling the boat, and Mr. Ross at FNB testifying that only he would usually have handled the account and that he did not speak with McLaughlin about selling. Based on a consideration of the evidence presented as a whole, we find that McLaughlin did attempt to contact officials at FNB about his plan to sell the boat.

(4) Steven Alan McLaughlin sold the boat sometime around March 30, 1979 and at the direction of Jack Strance, with FNB, deposited the proceeds in his account there, and continued making payments on the loan until June of 1979.

(5) McLaughlin filed for bankruptcy on October 1, 1979.

(6) McLaughlin testified at the § 341 meeting that he had sold the boat to Bill Smith, address unknown. In response to FNB interrogatories he remembered that he sold it to Thomas Timberman, and his address.

It is FNB's contention that McLaughlin's acts in selling the boat without their permission amounted to a conversion and that therefore the debt should be declared nondischargeable because of Steven Alan McLaughlin's alleged "wilful and malicious injury . . . . to the property of another entity." 11 U.S.C.A. § 523(a)(6).

## DISCUSSION

Bankruptcy Code 11 U.S.C.A. § 523(a)(6) encompasses injury to intangible personal or property rights as well as physical damage or destruction. 3 *Collier on Bankruptcy* (15th Edition) ¶ 523.16[1]. *In Re: Maiolo*, 12 B.R. 114 (Bkrtcy.N.D.Ga.) (1981) (Robinson, B. J.). "Where property is subject to a security interest, an exercise of dominion or control over the property which is inconsistent with the rights of the secured party, constitutes, as to him, a conversion of the property; . . ." *Trust Company of Columbus v. Associated Grocers Co-op, Inc., et al.*, 152 Ga.App. 701, 263 S.E.2d 676 (1979). Thus FNB contends a sale of property sub-

ject to a security interest can be a conversion. "But a wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without wilfulness or malice." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). This is a case under § 17(a)(2) and (4) of the Old Act. It involved a car dealer who financed a car with Aetna. He agreed not to sell the car unless he had written permission. Nevertheless, he sold it without permission, in the ordinary course of business. § 17(a)(2) excepted from discharge debts for wilful and malicious conversion of the property of another. It is one of the precursors of § 523(a)(6). See 3 *Collier on Bankruptcy* (15th Ed.) ¶ 523.16, at p. 523–114. This Court feels the reasoning of that case applies equally well under § 523(a)(6). The Court there said "The discharge will prevail as against a showing of conversion without *aggravated circumstances.*" (emphasis added.) 293 U.S. 328, at 333, 55 S.Ct. 151, at 153.

There have been a number of cases discussing § 523(a)(6). FNB cites the Court to the case of *First National Bank v. Duranti*, 1 B.R. 54 (Bkrtcy.W.D.Wis.) (1979). This case was decided under the old Act. The facts are similar to this case. Defendant borrowed money from plaintiff (Bank) to purchase a modular home and gave plaintiff a security interest. He discussed with plaintiff the possibility of selling the home and plaintiff refused to allow it. Defendant sold it regardless, did not notify the plaintiff, and did not deposit proceeds with plaintiff. Defendant continued to pay on the note. He never told plaintiff he sold the home. It was found in this case that defendant's responses to plaintiff's agent's questions were intended to obscure from the plaintiff that he had sold the collateral. The proceeds were put into defendant's restaurant business. The Court said:

"The effect of the sale was to place the collateral securing the Bank's loan out of the reach of the Bank without compensating the Bank for its collateral. This is

a classical conversion. That this conversion was wilful and malicious is shown by Duranti's failure to inform the Bank of the sale and his continuation of contract payments to the Bank as if his relations with the Bank were unchanged. However, Duranti had, without the Bank's consent, altered the Bank's status from that of a fully secured lender on a loan for business purposes. The Bank had at no time agreed to lend money to the restaurant business nor to assume an unsecured status. The deliberate disposal of the property of another without authority and without reimbursement is a wilful and malicious injury. 9 Am.Jur.2d Bankruptcy § 792."

This case is distinguishable from the present case. We do not find that the debtor Steven Alan McLaughlin in any way intended to obscure from FNB the fact that he had sold the collateral. We interpret Steven Alan McLaughlin's action in selling the collateral when he was having difficulty obtaining work to be a natural one, and not intended to harm FNB, but only to enable him to attempt to meet his bills. The fact that he deposited the proceeds in an account at FNB is further evidence of his lack of intent to harm FNB.

■ It is the intent question that finally defeats FNB's complaint. This Court not only requires a deliberate and intentional act but also an *intent to do harm* by the debtor before a debt will be declared nondischargeable under § 523(a)(6). See *In Re: Maiolo*, 12 B.R. 114 (Bkrtcy.N.D.Ga.) (1981). See also *Matter of Nelson*, 10 B.R. 691 (Bkrtcy.N.D.Ill.) (1981); *In Re: Hodges*, 4 B.R. 513 (Bkrtcy.W.D.Va.) (1980), as well as cases cited in *Maiolo*. There are some cases which do not seem to require this "intent to do harm", basing their reasoning on *Collier*. "Thus the conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a wilful and malicious injury within the meaning of the exception." 3 *Collier*, (15th Ed.) § 523.16 at p. 523–116. Also 1A *Collier* (14th Ed. 1979)

§ 17.17 at p. 1653. See *In Re: Smith*, 11 B.R. 20 (Bkrtcy.N.D.Ohio) (1981).

This Court, however, feels the requirement of an intent to do harm, as expressed in *Maiolo*, is the better view, and will be followed here.

■ Steven Alan McLaughlin sold his own property. While his actions may constitute a technical conversion of the FNB's right to foreclose, we agree with the Supreme Court in *Davis v. Aetna*, that "... a wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances." Id., 293 U.S. 332, 55 S.Ct. 153. We find no "aggravated circumstances" here, and no intent to do harm. Therefore, it is

ORDERED that First National Bank of Atlanta's Complaint to Determine Dischargeability of Debt be resolved in favor of Steven A. McLaughlin. It is further

ORDERED that the debt subject of this case is determined to be dischargeable.