In the Matter of Richard Paul
RICKETTS d/b/a R & S Motors
& Opal M. Ricketts, Debtors.

TRUST COMPANY BANK OF COBB
COUNTY, Plaintiff,

v.

Richard P. RICKETTS, Defendant.

Adv. No. 80–0600A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 29, 1982.

Danny G. Schulman, Smyrna, Ga., for Trust Co. Bank of Cobb Co. (plaintiff).

H. Michael Bray, Canton, Ga., for defendant.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This is before us on Trust Company Bank of Cobb County's ("Trust Company") complaint objecting to dischargeability of debt. A hearing was held on January 15, 1981, after which the Court took the case under advisement. Having considered the evidence and legal arguments by counsel, the court now makes the following decision.

## FACTS

In April of 1978, Richard Paul Ricketts ("Ricketts"), a partner in a business known as R & S Motors, executed a promissory note in favor of Trust Company, using the funds obtained thereby to purchase a boat, motor and trailer (referred to hereafter as "the boat"). Ricketts also signed a financing statement that described the boat as collateral. He considered himself the owner of the boat, and eventually allowed it to be sold off the lot of R & S Motors, apparently by Ricketts' partner, under Ricketts' authority. The proceeds from the sale of the boat were put into the company, to cover overhead and to pay off various amounts due to Trust Company, such as a floor planning agreement. There is no indi-

---

5. *See, In re Ferguson,* 14 B.R. 1004 (Bkrtcy.W. D.Pa.1981); *In re Bradford,* 3 C.B.C.2d 39, 6 B.C.D. 75, 6 B.R. 741 (D.Nev.1980).

834

cation from the evidence that any of the proceeds were directed toward payment of the promissory note which was secured by the boat. Despite signing both the promissory note and financing statement, and being familiar with the import of both through using similar documents in his business of selling cars, Ricketts testified that he did not realize the boat was being put up as collateral to secure the promissory note. He never informed the bank that he had sold the boat. On June 10, 1980, Ricketts filed for bankruptcy, owing Trust Company $2,485.71 as of July 21, 1980 on the promissory note secured by the boat. Trust Company now objects to the discharge of that debt, asserting that Ricketts' action in selling the collateral constituted a wilful and malicious injury to their property—the right to foreclose on collateral securing the debt.

## DISCUSSION

The debt in this case is sought to be declared nondischargeable under 11 U.S.C. § 523(a)(6), which provides as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for wilful and malicious injury by the debtor to another entity or to the property of another entity;

The Court has considered the question of whether or not the sale of property that serves as collateral for another entity is a "wilful and malicious injury . . . to the property of another entity" in the case In the Matter of Steven Alan McLaughlin, 14 B.R. 773 (Bkrtcy.N.D.Ga.1981). In that case we held that though there may be a technical conversion when secured property is sold without permission of the lienholder, it would not necessarily be a wilful and malicious injury without the presence of some aggravating circumstances from which the court could discern that the debtor possessed the requisite intent to do harm to the property of another. See In re Maiolo, 12 B.R. 114 (Bkrtcy.N.D.Ga.1981) (Robinson, B. J.).

The McLaughlin case bears some similarity factually to the case at hand. Both involved debtors who sold property that secured an indebtedness each owed to a bank. Both were in financial distress when they sold the collateral (in both cases, coincidentally, a boat was involved). Mr. McLaughlin deposited the proceeds of his sale at the bank that held the security interest, while Mr. Ricketts used the proceeds to meet operating expenses of his struggling business, and to pay off amounts owing under the floor-planning agreement between Ricketts (and R & S Motors) and the bank which held the security interest in his boat.

In both cases the debtor wilfully converted the property of another by selling the property while it was subject to a security interest held by the bank. Thus the determination of whether or not this debt should be discharged turns on the intent of the debtor, as in the McLaughlin case.

In McLaughlin we found that no such intent existed, determining that McLaughlin's intent was not to harm the bank, but to attempt to solve pressing financial difficulties as best he could. More importantly, Mr. McLaughlin was not an experienced businessman, accustomed to dealing with the documents involved in the transaction between himself and the bank.

Mr. Ricketts, on the other hand, is a businessman, involved in selling automobiles, and more familiar with the import of the documents involved in the transaction between himself and the bank. He admits signing the promissory note and financing statement, and admits being familiar with such documents. Mr. Ricketts knew or should have known the boat stood as collateral for his debt, and that the bank would be left with an unsecured note when he sold the collateral. On the facts of this case we must find that Mr. Ricketts' actions amounted to a wilful and malicious injury to the property of another entity. We find intent to do harm in his conversion of the bank's rights in its security interest, when he knew or should have known the consequences of this action to the bank. The McLaughlin case and the case at hand are therefore distinguishable because we find

that Mr. Ricketts, as a businessman, must be held to a higher standard than an ordinary individual, where it is clear that a businessman would be more knowledgeable as to the natural consequences of his acts.

Section 523(a)(6) provides that "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any *debt*—(6) for wilful and malicious injury by the debtor . . . to the property of another entity" (emphasis supplied.) The debt created by Ricketts' wilful and malicious injury here is that the bank is no longer secured in the amount of the value of this collateral. There is no way to value this loss of security, as debtor has placed it beyond the reach of the bank. Thus there is no way to show how much of the balance outstanding was secured. It could have been completely secured, or secured by a worthless hulk. Therefore we find that the entire balance of the debt owing to Trust Company is nondischargeable. Therefore, it is

ORDERED that the debt owed by Richard Paul Ricketts to Trust Company Bank of Cobb County is held nondischargeable.