**In re Howard K. STEPHENS, Deborah L. Stephens, Debtors.**

**SUNAMERICA FINANCIAL CORPORATION, Plaintiff,**

v.

**Deborah L. STEPHENS, Defendant.**

**Bankruptcy No. 3–82–01712.
Adv. No. 3–82–0345.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 4, 1983.

Howard C. Berry, Louisville, Ky., for defendant.

J.R. Bartholomew, Louisville, Ky., for plaintiff.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of Sunamerica Finan-

cial Corporation, a creditor, by counsel, seeking a determination that the debt due and owing be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

The facts as they relate to the issue presented are virtually uncontroverted and may be briefly summarized as follows:

### Findings of Fact

On the date of the petition for Chapter 7 relief, the debtor-wife owed the plaintiff the sum of $968.00 by virtue of a 1978 security agreement granting plaintiff a secured interest in personal property consisting of a drum set, cymbals, amplifiers, snares, toms, cases and related accessories.

It was established that some of the security remained in the possession of the debtor-defendant at the time of the filing of the petition on August 2, 1982, but the property was not listed in the debtors' schedules. Other items encompassed within the plaintiff's security agreement had been disposed of by the debtor without the knowledge or consent of the plaintiff, approximately nine (9) months prior to the filing of the petition.

In December, 1981, at the time of the disposal of the items, the value of those items was $885.00, which sum was credited to the debtor through trade-in on another drum set then purchased, and in which an entity other than plaintiff was granted a security interest. Following the disposal through trade-in, the debtor continued to make payments to the plaintiff until the time of the filing of the petition in bankruptcy, at which time the total sum owing was $968.00.

The sole issue in question is whether the disposal of the collateral in which the plaintiff held a security interest causes the debt due the plaintiff to be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

### Conclusions of Law

Section 523(a)(6) of the Bankruptcy Code, 11 U.S.C., provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity.

The phrase "willful and malicious injury" as used in § 523(a)(6) is intended to include a willful and malicious conversion of property of another. *In Re Hodges,* 4 B.R. 513 (Bkrtcy.W.D.Va.1980); *In Re McCloud,* 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980); *In Re Cummins,* 11 B.R. 222 (Bkrtcy.E.D.Tenn. 1981); and H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977); U.S.Code Cong. & Admin.News, pp. 5787, 6320 (1979).

■ The party seeking to have its debt excepted from discharge pursuant to § 523 bears the burden of proof by the fair preponderance of the evidence. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *Lines v. Frederick,* 400 U.S. 18, 19, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970), and Rule 407, R.B.P.; *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D.Va.1967); *In Re Baiata,* 12 B.R. 813 (Bkrtcy.E.D.N.Y.1981); and *In Re Maiolo,* 12 B.R. 114 (Bkrtcy.N.D.Ga.1981).

■ In order for the debt to come within the exception provided by § 523(a)(6), a creditor must show that the debtor's conduct was malicious as well as willful. *In Re Hawkins,* 6 B.R. 97 (Bkrtcy.W.D.Ky.1980).

The decision of *In Re Cummins,* 11 B.R. 222, 224 (Bkrtcy.E.D.Tenn.1981), defined "conversion" to be ". . . any unauthorized act which deprives an owner of his property permanently or for an indefinite time." Citing *Black's Law Dictionary,* 4th Ed. The Court further elaborated on the act of conversion, stating that, "[t]o deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words." Citing *McIntyre v. Kavanaugh,* 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916).

The term "willful" has been found to mean deliberate and intentional, and a mere technical conversion is not within the meaning of subsection (a)(6). *In Re McCloud, supra,* and *In Re Cummins, supra.*

Section 523(a)(6) reads in the conjunctive, not the disjunctive, requiring the plaintiff to establish that not only was the act done "willfully," but that it was done maliciously. "Malicious" has been found to mean an "intent to do harm." *In Re Hodges, supra.*

In *Matter of Ries,* 22 B.R. 343 (Bkrtcy.W.D.Wis.1982), the Court, after a thorough analysis of cases interpreting the "intent to do harm" standard, utilized the definition of malice previously adopted by stating that "[w]illful and malicious in this context does not require that the debtor be motivated by personal hatred, spite or ill will in harming the victim. It is sufficient that the debtor know that an injury will be caused and proceed in the face of this knowledge to carry out the actions which will cause the injury." At 347, quoting *In Re Donny,* 19 B.R. 354, 359 (Bkrtcy.W.D.Wis.1982). The Court there found the amount of the non-dischargeable debt to be the market value of the converted collateral, i.e., the amount the creditor would have obtained by repossessing and selling the collateral.

In *Matter of Ricketts,* 16 B.R. 833 (Bkrtcy.N.D.Ga.1982), the Court found the total balance due on the debt to be the nondischargeable amount, saying, "[t]he debt created by (debtors') wilful and malicious injury here is that the bank is no longer secured in the amount of the value of this collateral. There is no way to value this loss of security, as debtor has placed it beyond the reach of the bank. Thus, there is no way to show how much of the balance outstanding was secured. It could have been completely secured, or secured by a worthless hulk. Therefore, we find that the entire balance of the debt owing to Trust Company is nondischargeable." At 835.

█ Applying the law to the facts of the instant case, then, we find intent to do harm in the debtor's conversion of the plaintiff's rights in its security interest when the debtor knew or should have known the consequences of this action to the plaintiff.

The value of the wrongful conversion of the plaintiff's property is established as that sum for which the debtor received credit at the time of its disposal by trade-in, namely $885.00 plus the value of the retained secured collateral unlisted at the time of filing of the petition, which total value collectively exceeds the sum due and owing the complaining creditor.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the debt due the plaintiff be and the same is nondischargeable in the sum of Nine Hundred Sixty-Eight and No/100 Dollars ($968.00). This is a final order.