**In re Lillie Kate THOMAS, Debtor.**

**THORP FINANCIAL SERVICES, INC., Plaintiff,**

v.

**Lillie Kate THOMAS, Defendant.**

**Bankruptcy No. 3–82–02727.**
**Adv. No. 3–83–0067.**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 13, 1984.

Richard D. Shapero, W. Craig Aulenbach, Richard D. Shapero & Associates, Louisville, Ky., for debtor.

Kenneth Bader, Mapother & Mapother, Louisville, Ky., for plaintiff.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This adversary proceeding comes before the Court on complaint of Thorp Financial Services, Inc., a creditor, by counsel, seeking a determination that the debt due and owing be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The facts as they relate to the issue presented are virtually uncontroverted and may be briefly summarized as follows:

## FINDINGS OF FACT

On the date of the petition for Chapter 7 relief, the debtor owed plaintiff the sum of $2,991.01 representing a note and security agreement executed August 5, 1981 by which the debtor granted to plaintiff a security interest in certain personal property and a 1976 Chevrolet Monte Carlo automobile. Shortly thereafter, debtor desired to trade this vehicle in on an automobile of newer vintage through a local dealer. On August 24, 1981 debtor phoned plaintiff relative to releasing its lien as did a salesman for the dealer. Each was advised the lien would not and could not be released without payment of the balance due on the account.

On or about August 31, 1981, debtor traded plaintiff's vehicle collateral in on a 1979 Ford Thunderbird receiving full credit for the value of the trade-in on a financing program for the new vehicle without paying all or any portion of plaintiff's debt balance, and without plaintiff's knowledge or consent. Thereafter sporadic payments continued to be made on the account. On April 30, 1982 debtor entered into a renewal loan arrangement executing a new note, security agreement, and disclosure statement purporting to grant to plaintiff a continuing security interest in the 1976 Monte Carlo which had been transferred on August 31, 1981 for the "deluxe model luxury car with lots of buttons" debtor so avidly desired.

At issue is whether debtor's conduct constitutes a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6), which reads:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...

(6) for willful and malicious injury by the debtor to another entity.

## CONCLUSIONS OF LAW

In order for the debt to come within the exception provided by § 523(a)(6), a creditor must show that the debtor's conduct was malicious as well as willful. *In re Hawkins,* 6 B.R. 97 (Bkrtcy.W.D.Ky.1980). Thus the plaintiff, bearing the burden of proof, must establish both elements in order

to prevail. *In re Baiata,* 12 B.R. 813 (Bkrtcy.E.D.N.Y.1981); *In re Maiolo,* 12 B.R. 114 (Bkrtcy.N.D.Ga.1981); *In re Stephens,* 26 B.R. 389 (Bkrtcy.W.D.Ky.1983); and *In re Hodges,* 4 B.R. 513 (Bkrtcy.W.D. Va.1980).

The term "willful" has been found to mean deliberate and intentional while "malicious" has been found to mean an "intent to do harm." *In re McCloud,* 7 B.R. 819 (Bkrtcy.M.D.Tenn.1980); *In re Cummins,* 11 B.R. 222 (Bkrtcy.E.D.Tenn.1981); *In re Hodges, supra;* and *Matter of Ries,* 22 B.R. 343 (Bkrtcy.W.D.Wis.1982).

■ Applying the law to the facts of the instant case, it is the opinion of the Court that the debtor well knew of plaintiff's security interest and the need to remove its lien on August 24, 1981 when such request was made of plaintiff and the request was denied. Debtor's subsequent actions of transferring the collateral on August 31, 1981, and repledging the vehicle on April 30, 1982 to plaintiff in a renewal loan of that date clearly evidences a state of mind to accomplish precisely that which was done, and to retain the fruits of this course of dealing.

The failure at any time prior to the filing of debtor's bankruptcy to advise plaintiff of the transfer of its collateral either on August 31, 1981, or its previous transfer and nonownership status of April 30, 1982 illustrates a ratification of those actions previously taken to the enjoyment of the debtor and the detriment of the creditor-plaintiff. Such conduct was previously addressed by this Court in the case of *In re Stephens,* 26 B.R. 389 (Bkrtcy.W.D.Ky.1983) where "we find intent to do harm in the debtor's conversion of the plaintiff's rights in its security interest when the debtor knew or should have known the consequences of this action to the plaintiff." Accordingly, it is the Court's opinion that plaintiff has successfully met its burden in establishing both willful and malicious conduct as prescribed in 11 U.S.C. § 523(a)(6) sufficient to deny discharge of the debt in question.

While the balance due on the filing date was $2,991.01, the value received by debtor at the time of the collateral's transfer was $2,800.00, this sum representing the loss to the plaintiff and the benefit derived by the debtor in the amount hereby deemed nondischargeable. *Matter of Ries, supra.*

Having disposed of this proceeding on the applicable merits of 11 U.S.C. § 523(a)(6), the issue raised by plaintiff's Amended Complaint seeking to expand its cause of action to include 11 U.S.C. § 523(a)(2) is not herein addressed.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 13th day of February.