30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re James B. METCALF, Debtor.
 Nos. 93-5879, 93-5894.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1994.
 
 Before: JONES and RYAN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant James B. Metcalf, debtor to Appellees Evelyn Mitchell and Brinkman Oil Co. ("Brinkman"), argues that his obligations were dischargeable under the Bankruptcy Code. In separate orders, the bankruptcy court found each debt to be nondischargeable, and the district court affirmed those orders. After consideration of Metcalf's arguments, we affirm.
 
 
 2
 * Case No. 93-5894 involves Metcalf's debt to Mitchell, who owned property and a business known as the Derby City Truck Stop in Campbellsville, Kentucky. In 1989, she listed the property for sale and was contacted by Metcalf, who was interested in purchasing it. Through attorneys, the parties negotiated an agreement under which Mitchell would sell the Truck Stop to Metcalf for $975,000. The money was to be paid with $300,000 cash, a transfer of real property worth $115,000, and a transfer of a $560,000 note from a Connecticut auto dealership.
 
 
 3
 After the Truck Stop sale closed, it became clear that the latter two components of the purchase price were worthless. The transferred real property turned out to be encumbered by an undisclosed prior mortgage, and the mortgagor foreclosed upon the property, leaving Mitchell with no equity. The note from the auto dealership had been given to Metcalf in February 1989, after he agreed to renovate the dealership. However, even after taking a $25,000 deposit, Metcalf had failed even to begin construction by August 1989, and therefore breached the contract. Consequently, the dealership was not obligated to pay on the note, and in fact wanted its deposit returned. The bankruptcy court found that although Metcalf represented to Mitchell that the property and the note were worth their full value, he knew that the representations were false.
 
 
 4
 Case No. 93-5879 involves Metcalf's debt to Brinkman, which delivered deisel fuel to the Derby City Truck Stop during the period of time that Metcalf owned and operated it. Brinkman delivered fuel in February 1990, in exchange for which Metcalf issued seven checks totalling $51,806.80. When Brinkman attempted to cash the checks, they were returned for insufficient funds by the bank upon which they were drawn. Metcalf was arrested and indicted in Kentucky court on six counts of theft by deception arising from his issuance of the bad checks to Brinkman and to several other parties. He pled guilty to the charges and apparently served a short jail term.
 
 
 5
 The proceedings in both the instant actions began after Metcalf filed for Chapter 7 bankruptcy. Brinkman filed a complaint with the bankruptcy court seeking a declaration that the $51,860.80 debt that Metcalf owed was non-dischargeable. After making findings of fact and conclusions of law, the bankruptcy court held that the debt was non-dischargeable under 11 U.S.C. Sec. 523. The district court affirmed. Likewise, after Metcalf petitioned the bankruptcy court to discharge his debt to Mitchell, Mitchell filed this action requesting that the court deny Metcalf's petition and rule that the debt is nondischargeable. The bankruptcy court did so, and the federal district court affirmed its decision. These appeals followed.
 
 II
 
 6
 On appeal of a determination regarding whether a debt is non-dischargeable, "this court must accept the bankruptcy court's findings of fact unless they are clearly erroneous, although we are not so limited in our review of questions of law." In re Phillips, 804 F.2d 930, 932 (6th Cir.1986) (per curiam) (citation omitted).
 
 
 7
 Though, in general, debts are relieved when a debtor receives a discharge, 11 U.S.C. Sec. 523 renders several types of debts non-dischargeable. For these debts, a debtor remains liable. One such category is described in Sec. 523(a)(2) as any debt for "money, property, services ... obtained by false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition."[1]
 
 
 8
 To establish nondischargeability under Sec. 523(a)(2), a creditor must prove:
 
 
 9
 that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of loss.
 
 
 10
 In re Phillips, 804 F.2d at 932; see also In re Pallo, 65 B.R. 101, 103 (Bankr.W.D.Ky.1986); In re Jacone, 156 B.R. 740, 743-44 (Bankr.S.D.N.Y.1993).
 
 
 11
 In Case No. 93-5894, the bankruptcy court made explicit factual findings that led to the conclusion that Mitchell's debt was nondischargeable under In re Phillips. Metcalf challenges these findings in two general arguments. First, he claims that Mitchell was not the proper party to claim non-dischargeability, for, according to Metcalf, the proper party is the management company with whom he entered into the agreement. However, the evidence showed that Mitchell owned part of the Truck Stop and thus was a victim of Metcalf's fraud. J.A. at 54. That is enough to enable Mitchell to bring this suit. Within the same argument, Metcalf also claims that his company, Metcalf & Associates, Inc., is the only party against whom Mitchell can assert a claim. However, the evidence shows that Metcalf himself knowingly made false representations, such as submitting to Mitchell a financial statement listing his net worth at in excess of five million dollars, J.A. at 50, and providing the worthless note pursuant to a contract that he had personally negotiated. See J.A. at 28-30.
 
 
 12
 In his second general argument, Metcalf claims that the courts below erred in finding that Mitchell reasonably relied upon Metcalf's representations. His argument is three-fold: that Mitchell relied upon her counsel and not upon Metcalf, that Metcalf did not personally make any misrepresentations, and that in any event any alleged misrepresentations were simply Metcalf's opinions in any event. These contentions have no merit. It matters not whether Metcalf's misrepresentations were made to Mitchell's attorney rather than Mitchell herself. Mitchell's agent's reliance upon the misrepresentations was just as reasonable as Mitchell's, since the attorney had no more knowledge of Metcalf's affairs than did Mitchell. When Mitchell then relied upon the statements of her attorney regarding what Metcalf had told him, she was in effect relying upon the statements of Metcalf himself, transmitted through an agent. Lastly, Metcalf himself did make misrepresentations, which were matters of fact not of opinion. Metcalf concealed the material fact that the property he transferred was encumbered by a prior mortgage, as well as the material fact that the note was worthless. In addition, he claimed a high personal net worth in order to consumate the deal with Mitchell.
 
 
 13
 In Case No. 93-5879, the bankruptcy court also made findings of fact in accordance with the appropriate legal standard. The court determined that Metcalf made representations that the checks were "good" while knowing that such representations were false, and that Brinkman reasonably relied upon the representations. The court concluded that "[u]nder the facts of this case the Court finds that the checks presented by the debtor to the plaintiff, along with the debtor['s] vigorous oral representations that sufficient funds were in the debtor's bank account to cover the checks, constituted a fraud on the plaintiff and rendered the debt nondischargeable under 11 U.S.C. Sec. 523(a)(2)(A)." In re Metcalf, No. 3-90-01399(1)7 (Bankr.W.D.Ky. June 30, 1992) (findings of fact, conclusions of law, and memorandum opinion).
 
 
 14
 The appellant contends that Brinkman's reliance upon the representations was not reasonable because Brinkman was placed on notice that the checks were not good when a third party agreed to pay for the fuel. However, regardless of any financing agreement Metcalf might have made, Brinkman testified that he accepted the checks in reliance upon Metcalf's representations that the checks were good, and that testimony, along with the other facts and circumstances of this case, was sufficient for the judge to find reasonable reliance.
 
 
 15
 Metcalf also contends that he cannot personally be liable on the debt to Brinkman because the liability was incurred by Metcalf & Associates, Inc., of which Metcalf was the sole shareholder, officer, and director. However, Metcalf himself knowingly issued the bad checks, and was indicted and convicted for doing so. The convictions make clear that he was the one performing the fraudulent activity. Under Kentucky law, an individual can be held responsible for a corporation's liabilities when those liabilities result from that person's fraud. United States v. WRW Corp., 778 F.Supp. 919, 922-23 (E.D.Ky1991), aff'd, 986 F.2d 138 (6th Cir.1993).
 
 III
 
 16
 Because the district court applied the appropriate legal standard and because the findings of fact are not clearly erroneous, we AFFIRM the judgments in Case Nos. 93-5879 and 93-5894.
 
 
 
 [1]
 Unlike some of the other categories of nondischargeable debts, a Sec. 523(a)(2) debt can be ruled non-dischargeable only after the creditor affirmatively requests such a determination. See Sec. 523(c). Both Mitchell and Brinkman have done so in this case