Armende LESSER, as Trustee of R. B. M. Cleaners, Inc. and Hy-Mac Cleaners, Inc., Bankrupts, Plaintiff-Appellee,

v.

JEWEL FACTORS CORP., Defendant-Appellant,

and

Morris Mendelson et al., Defendants.

No. 38, Docket 72-1186.

United States Court of Appeals, Second Circuit.

Argued Oct. 10, 1972.

Decided Nov. 20, 1972.

William L. Richman, New York City (Armende Lesser, New York City, on the brief), for plaintiff-appellee.

Arnold Levine, New York City (Levine, Goldstein & Honig, New York City, on the brief), for defendant-appellant.

Before FRIENDLY, Chief Judge, and MEDINA and ANDERSON, Circuit Judges.

PER CURIAM:

We affirm the judgment of the District Court substantially for the reasons set forth in the unreported "Findings of Fact and Conclusions of Law" of Judge Brieant filed November 1, 1971, 352 F. Supp. 321.

An involuntary petition in bankruptcy was filed against R.B.M. Cleaners and Hy-Mac Cleaners on July 30, 1968, and both corporations were adjudicated bankrupts on August 15, 1968. The trustee, Armende Lesser, instituted a plenary action in the court below, and the judgment appealed from was entered against Jewel Factors for $12,600.00.

The facts relevant to a proper disposition of this appeal include: Jewel Factors Corp. held a security agreement covering the equipment located at retail dry cleaning stores at 1838 Third Avenue, New York, New York (owned by R.B.M. Cleaners) and at 33 Third Avenue, New York, New York (owned by Hy-Mac Cleaners). Alex Awerbach, a principal stockholder and director of the cleaning stores, organized Leatrice Cleaners, Inc. in March, 1968. Beginning around July 1, 1968 a bank account was opened in the name of Leatrice and the receipts of the cleaning stores operated by the bankrupts were deposited in the name of Leatrice. On or about July 1, 1968 Jewel Factors leased the equipment, subject to the security agreement held by Jewel Factors, to Leatrice.

The evidence clearly supports the finding below that "at all times from about 1967 until adjudication, the bankrupts were insolvent." (Findings of Fact, 4, ¶ 14). In an effort to impede the rights of creditors to these insolvent corporations, Alex Awerbach created Leatrice. Leatrice was in substance the same corporation as the two insolvent cleaners. The entire undertaking was designed to transfer assets of the bankrupts to the new corporation Leatrice.

The appellant vigorously argues that it properly made a *de facto* foreclosure on the collateral subject to the security agreement. Appellant asserts that on or after June 5, 1968, it peacefully repossessed the machinery and equipment and on July 1, 1968 entered into a proper lease agreement with Leatrice covering the machinery and equipment. We find, however, that Judge

Brieant's finding that "(n)o effective peaceful foreclosure as contemplated by Section 9–503 of the Uniform Commercial Code * * * took place during 1968" (Findings of Fact, 9, ¶ 28) is supported by substantial evidence.

█ The intended effect of these actions was to provide Jewel Factors, a creditor of the bankrupts, with payments from the bankrupt estate after the filing of the petition. Under these circumstances the creditor must repay this money to the trustee. We, therefore, conclude that the court below was correct in ordering defendant Jewel Factors Corp. to pay $12,600.00 plus interest from July 1, 1968, "representing the value of all funds received with knowledge from Leatrice Cleaners, Inc. by reason of the fraudulent transfer to Leatrice of the bankrupts' store and going concern and business." (Conclusions of Law, 16, ¶ 2).

Affirmed.