**In re Harold KIERNAN, Debtor.**

**Bankruptcy No. 81–B–30407.**
**81 Adv. 6196.**

United States Bankruptcy Court,
S. D. New York.

Feb. 4, 1982.

---

Dweck & Sladkus, New York City, for plaintiffs Arthur Wigand, et al.

Baar, Bennett & Metz, Orangeburg, N. Y., for defendant Harold Kiernan.

1. Exceptions to discharge.
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   \*    \*    \*    \*    \*    \*

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

On September 8, 1980 the plaintiff, Arthur Wigand, obtained the entry of a judgment in the United States District Court for the Southern District of New York against the debtor for damages awarded after a nonjury trial on one count alleging common law fraud and deceit as well as misstatements in the sale of securities, and one count of breach of contract. On appeal to the United States Court of Appeals, Second Circuit, the judgment was affirmed as to liability of the debtor and Flo-Tek, Inc., a corporation he controlled as the major stockholder and as its president, insofar as the judgment was based on the Securities Act of 1933, 15 U.S.C. § 77a et seq. The judgment was vacated in part, however, and remanded as to damages because of error in the legal standard applied by the trial court and because of the insufficiency of the evidence supporting the finding as to the value of consideration paid by the plaintiff. The breach of contract count was dismissed for lack of jurisdiction. *Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028 (2d Cir. 1979, amended Jan. 14, 1980).

The plaintiff now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 756 of the Bankruptcy Rules for summary judgment upon the ground that there are no genuine issues as to any material facts and that the plaintiff is entitled to a judgment that its District Court judgment for violation of the Securities Act of 1933 is nondischargeable under Code § 523(a)(2)(A) because it represents a debt arising out of false pretenses and false representations.[1]

As this court stated in *In re Clover Donut of White Plains Corp.*, 14 B.R. 205 at 208, 5 C.B.C.2d 351 at 354:

> (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

"Summary judgment is a drastic remedy, since it cuts off a party's right to present his case and, therefore is available only under limited circumstances. In deciding a motion for summary judgment the court does not try issues of fact; '. . . . it can only determine whether there are issues to be tried' and in so doing must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975). The moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute. *Heyman v. Commerce and Industry Co.*, supra Rule 56 of the Federal Rules of Civil Procedure, which authorizes summary judgment in appropriate cases, is made applicable in adversary proceedings in bankruptcy cases by Bankruptcy Rule 756. The rule permits a party to pierce allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, admissions, and materials extraneous to the pleadings show that there is no genuine issue of material fact to be tried."

There is no material factual dispute that the debtor, who filed his petition for relief under Chapter 7 of the Bankruptcy Code on July 21, 1981, was found to have violated section 12(2) of the Securities Act, which makes "[a]ny person . . . who offers or sells a security . . . by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known, of such untruth or omission." 15 U.S.C. § 77*l*.

There is also no dispute that in arriving at this conclusion, the District Court found the debtor orally misrepresented to the plaintiff that Flo-Tek had up to a $500,000 line of credit with commercial banks, which was untrue in that the credit would be available only if the debtor's corporation, Flo-Tek were awarded certain contracts from the City of New York, which were highly contingent. The District Court also found that the debtor breached a duty to disclose to the plaintiff the true state of Flo-Tek's financial position at a time when the debtor knew that the company had lost money in the year preceding the transaction in question and was losing money in 1971, the year of the transaction. It was also found that such misstatements and omissions were material and that the plaintiff, although "a more trusting person in these circumstances than many would be", relied on them to his damage.

On remand from the Court of Appeals, the District Court found that the damages sustained by the plaintiff as a result of the debtor's violation of Section 12(2) of the Securities Act of 1933 amounted to $112,500, together with interest from October 1, 1971.

■ Plaintiff contends that the District Court's findings and judgment, as affirmed by the United States Court of Appeals, Second Circuit, are res judicata as to the conduct proscribed for nondischargeability of debts under Code § 523(a)(2)(A). Under the principle of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Since the cause of action underlying plaintiff's judgment for the debtor's violation of section 12(2) of the Securities Act of 1933 is not the same as an action under Code § 523(a)(2)(A), the plaintiff must look to the narrower concept of collateral estoppel, which treats as final only those questions actually and necessarily decided in a prior suit. *Montana v. United States*, supra; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Indeed, when Code

§ 523 is the focus for determining nondischargeability of a debt based on a prior judgment, the bankruptcy court may even be required to go beyond the judgment and record in an earlier litigation in order to determine factual issues using standards under Code § 523(a)(2)(A). *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The standard for liability under section 12(2) of the Securities Act of 1933 differs from Code § 523(a)(2)(A) because actions under section 12(2) do not require a showing by the plaintiff of any kind of scienter on the part of the defendant. *Wigand v. Flo-Tek, Inc.*, supra, at 1034; *Franklin Savings Bank of New York v. Levy*, 551 F.2d 521 (2d Cir. 1977). False representations or pretenses under Code § 523(a)(2)(A) require as an essential element that "the representations were made with the intention to deceive the plaintiff." *In re McGrath*, 7 B.R. 496 at 498 (S.D.N.Y.1980). As stated in 1 *Norton Bankruptcy Law and Practice*, Part 27–page 14:

> "Satisfactory proof of the debtor's knowledge of the representation's falsity is required to except a debt from discharge. This requirement of scienter is not satisfied if the representation is merely negligent."

█ Although the plaintiff submitted with his moving papers a copy of the October 19, 1979 decision of the Court of Appeals in *Wigand v. Flo-Tek, Inc.* supra, he failed to include a copy of the order amending the Court of Appeals opinion, dated January 14, 1980, which stated in part:

> "The plaintiffs below made allegations which only under the most liberal interpretation can be said to include allegations of scienter, and there was no attempt at trial to prove this element of the cause of action."

*Wigand v. Flo-Tek, Inc.*, supra at p. 1038. Absent proof of the essential element of scienter, this court is in no position to conclude that the plaintiff's judgment under section 12(2) of the Securities Act of 1933 satisfies the standards for nondischargeability under Code § 523(a)(2)(A).

█ There is a more fundamental reason why summary judgment cannot be granted. Based on the evidence and findings of the District Court, the plaintiff's misrepresentations and pretenses related to the financial condition of the debtor's controlled corporation, Flo-Tek, Inc. There is neither an allegation nor proof that the misrepresentations were in writing.

Code § 523(a)(2)(A) expressly excludes from nondischargeable false pretenses, false representations, or actual fraud "a statement respecting the debtor's or an insider's financial condition ...". Concededly, under the definition of an "insider", as expressed in Code § 101(25)(A)(iv), Flo-Tek, Inc. was a "corporation of which the debtor is a director, officer or person in control." Thus, Flo-Tek, Inc. was an "insider" for purposes of the exclusion in Code § 523(a)(2)(A).

Oral misrepresentations or pretenses as to the financial condition of the debtor or an insider are expressly excluded from nondischargeability under subsection (A) in § 523(a)(2) because subsection (B) requires that such misrepresentations as to the debtor's or an insider's financial condition must result from the "use of a statement in writing." This distinction is explained in 1 *Norton Bankruptcy Law and Practice*, Part 27-page 18 as follows:

> "Nevertheless, the Code contains an important distinction between financial statements that are in writing and those that are not. Under the Code only fraudulent written statements relating to financial condition lead to a nondischargeable debt. Therefore, a seventh element of fraud is imposed if the misrepresentation relates to financial condition; *it must be in writing.*" [Emphasis added]

For the foregoing reasons, the plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.