In re Neil Joseph SCHAEFFER d/b/a Neil J. Schaeffer, Inc., Debtor.

Marvin R. GUTTMAN, Plaintiff,

v.

Neil Joseph SCHAEFFER d/b/a Neil J. Schaeffer, Inc., Defendant.

Bankruptcy No. 1–82–01191.
Adv. No. 1–82–0405.

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 24, 1983.

Arthur J. Schuh, Cincinnati, Ohio, for plaintiff.

Jeffrey P. Harris, Cincinnati, Ohio, for defendant.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding plaintiff asserts a claim against defendant debtor, that certain debts allegedly owed by defendant to plaintiff are non-dischargeable. Plaintiff's claim is based in the alternative upon 11 U.S.C. § 523(a)(2) and § 523(a)(6), the former claim being alleged fraud, while the latter is for alleged conversion by a fiduciary. The matter came on for a bench trial at which time evidence was taken on behalf of plaintiff. At the conclusion of plaintiff's case defendant moved to dismiss the complaint. We reserved decision on this motion. Defendant presented no evidence.

The evidence showed that at the end of 1973, defendant entered into a contract with an entity named Darlib Development Corporation. Darlib was proposing to develop a certain FHA project for low income housing in Kansas City, Missouri, and in order to finance it, the agreement provided that a limited partnership be formed in which defendant was to be the general partner with a three (3%) percent interest, while Darlib was to have a one (1%) percent interest. Limited partnership interests were to be sold to investors.

One of the limited partners was a Doctor Paul Naffah. In March of 1975, Naffah admitted that he owed $17,710.07 on his obligation to the limited partnership, but in a letter written by his attorneys dated March 14, 1975, he sought direction as to whom it was to be paid to. Plaintiff borrowed $175,000.00 from the Fifth Third Bank to be lent to defendant for the purpose of financing the deal. The payment evidently was through an intermediary corporation named Century Equities, Inc. In any event, the project was not completed and disputes arose between plaintiff and defendant. These were resolved by a settlement agreement entered into on May 16, 1975. This agreement provided that Paxton and Seasongood (which was counsel for Century Equities, Inc.) was to be paid from Dr. Naffah's payment. Naffah paid by means of a check his obligation to an attorney named Sidney Brant, Esq. The evidence did not establish what happened to this check, but it did not reach Paxton & Seasongood. Plaintiff was then obliged to pay Paxton & Seasongood and he did so, settling the claim for $6,500.00. Plaintiff contends this amount is due him from debtor and claims that it is a non-dischargeable debt. In addition IRS liability arose from the Darlib Development Project. IRS pursued plaintiff on account of this claim, and it was finally settled for $5,000.00. Plaintiff also claims this amount of debtor and asserts it to be non-dischargeable.

■ After carefully reviewing the evidence which was presented on behalf of plaintiff in this case, we are obliged to grant defendant's motion to dismiss. It transpired in the arguments on the motion that the actual statutory sections upon which plaintiff was relying were identified as § 523(a)(4) and § 523(a)(6). The former is for defalcation by a fiduciary, while the latter is for willful and malicious injury to property. Plaintiff failed to make out a case as to the (a)(4) claim because there was no showing of a formal fiduciary relationship, and the law requires that an express fiduciary relationship is what is intended in this section of the statute. *In Re Johnson* 691 F.2d 249 (6th Cir.1982); *In Re Ballard,* 26 B.R. 981 (Bkrtcy.D.Conn.1983); and 3

Collier on Bankr. (15th ed.) 523–99—523–103. As to the (a)(6), "willful and malicious" requires at least that the action complained of be intentional. *In re Greenwell*, No. 1–81–0111 (Bankr.S.D.Ohio filed Dec. 30, 1981), aff'd, 21 B.R. 419 (D.C.S.D.Ohio 1982), and 3 Collier on Bankr. (15th ed.) 523–118—523–120. The evidence presented by plaintiff fails to make any showing whatever that any act by defendant in failing to make the payment in accordance with the agreement was intentional within the meaning of the statute. Indeed, the evidence showed that plaintiff had himself breached the agreement of May 16, 1975 in several material respects, and clearly this must be regarded as justification for failure on the part of defendant to perform the agreement. Even if this were not so, mere failure to perform a contractual obligation does not amount to a violation of § 523(a)(6). That statute requires that there be a willful and intentional damage to property. The evidence here presented cannot by any stretch of the imagination be said to show that kind of damage.

The motion to dismiss of defendant is granted and the complaint will be dismissed.