In re Frederick J. SNELL, Barbara M. Snell, Debtors.

Irwin MONTAG, d/b/a Lease-A-Cow, Plaintiff,

v.

Frederick SNELL, Defendant.

Bankruptcy No. 84–00119.
Adv. No. 84–0078.

United States Bankruptcy Court,
N.D. New York.

Dec. 17, 1985.

Merkel, Passero & Byrnes, Rochester, N.Y., for plaintiff; Donald A. Kohler, of counsel.

Stephen Patrick Joyce, Hamilton, N.Y., for defendant.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JUSTIN J. MAHONEY, Bankruptcy Judge.

Irwin Montag, d/b/a Lease-A-Cow (hereinafter, Plaintiff), a judgment creditor of Frederick J. Snell (hereinafter, Debtor) has commenced this adversary proceeding pursuant to § 523(a)(6) of 11 U.S.C. (hereinafter, Code),[1] objecting to the dischargeability of a judicial lien.[2]

This matter comes before the Court upon a stipulated factual record consisting of a trial transcript, stipulation of settlement, and judgment; all such documents being the products of a lawsuit involving the parties herein which had been commenced in the Supreme Court of the State of New York, Madison County. As Plaintiff has waived his right to a trial before the Court, pursuant to the above stipulation, the following facts have been gleened from this record, and are thus undisputed.

1. On or about December 20, 1980, the Debtor and Plaintiff entered into a written rental agreement whereby the latter leased to the former thirty dairy cattle. Rental payments of $40.00 per cow per month were to be made by the Debtor; the resultant $1200.00 monthly payment was to be received by the Plaintiff from a dairy authorized by the Debtor via written assignments to make such payments.[3] The thirty cows were delivered to the Debtor some time in December of 1980.

2. Payments were made in full until April of 1981 when only $600.00 was received by the Plaintiff. When the Plaintiff contacted the Debtor about this deficiency, he was informed that eight of the cows had

---

1. Plaintiff has mistakenly designated his complaint as one objecting to the "discharge" of the debtor. Plaintiff is erroneously referring to a matter brought pursuant to § 727 of the Code, and not, as in the instant cause, an action objecting to the "dischargeability" of a particular debt.

2. 11 U.S.C. § 101(3).

3. Payments from the dairy were intended by the parties to be made payable retroactive to the preceding month. In other words, rent for January would be paid in February, February's rent in March, etc.

died. Although the Debtor was requested to do so, no proof of the death of these animals was provided the Plaintiff. This was apparently in contradiction of the rental agreement which required notice of death within ten days thereof by delivery of the ear identification tag of the animal. During this conversation, the Plaintiff told Debtor that if future payments were not made in full, the cows would be removed, and the agreement terminated.

3. No monthly rental payment was made in May of 1981. During a conversation late in that month, the Plaintiff told the Debtor that the cows would be picked up by his agent; this met with no dispute from Debtor. Consequently, the twenty-two remaining cows were removed from the Debtor's possession.

4. Plaintiff commenced a civil action against the Debtor in the Supreme Court of the State of New York, Madison County in June of 1981, alleging, among its three causes of action, a claim for conversion of the eight cows in the amount of $7,600.00.

5. Trial of this matter in the state court was had on August 5, 1982. After testimony was taken of the Plaintiff, the court took a brief recess. When the court returned to the record, Plaintiff's counsel declared that during the recess settlement in the amount of $10,800.00 had been offered and accepted, and further, that the Debtor was consenting to entry of judgment in that amount. This settlement was accepted by the court, and a written judgment promulgated thereafter on August 9, 1982.

6. Both the oral stipulation of settlement and written judgment are devoid of any findings of fact or conclusions of law, the same merely reciting and establishing the Debtor's monetary obligation to the Plaintiff. This obligation was listed in Debtor's Chapter 7 petition filed with the Court on February 13, 1984.[4]

## DISCUSSION

Contained within Plaintiff's complaint herein is the allegation that the Debtor "essentially committed a larceny by converting and selling ..." the eight missing cattle and that this was done so fraudulently and intentionally contrary to the provisions of § 523(a)(6) of the Code.

Section 523(a)(6) excepts from discharge any debt:

for willful and malicious injury by the debtor to another entity or to the property of another entity; ...

The phrase "willful and malicious injury" has been held by the Court and other courts to include wrongful conversions of property subject to a security interest. *In re United States of America v. Lindsley*, 76 B.R. 33 (Bankr.N.D.N.Y.1984) (Marketos, B.J.) (1984); *In re DeRosa*, 20 B.R. 307, 312 (Bankr.S.D.N.Y.1982); *In re Pommerer*, 10 B.R. 935, 940 (Bankr.D. Minn.1981); *In re McCloud*, 7 B.R. 819, 822 (Bankr.M.D.Tenn.1980).

It is the Plaintiff who has the burden of proving each essential element of the nondischargeability of his claim by clear and convincing evidence. *In re Rodriguez*, 29 B.R. 537, 539 (Bankr.E.D.N.Y. 1983); *In re Magnusson*, 14 B.R. 662, 667 (Bankr.N.D.N.Y.1981). As acknowledged by Plaintiff's counsel, it must be proven by clear and convincing evidence that the act of conversion was both willful and malicious. *Pommerer, supra,* at 940; in this regard, the term "malicious" denotes an act "done consciously and knowingly wrongful, and without just cause or excuse." *DeRosa, supra,* at 313; *McCloud, supra,* at 824–25. Therefore, the plaintiff "must establish in the first instance that a tortious conversion has occurred. If the plaintiff can meet that burden then he must also demonstrate that the conversion was willful and malicious." *In re Hazelwood,* 43 B.R. 208, 213 (Bankr.E.D.Va. 1984).

With these principles in mind, it is clear Plaintiff has failed to prove the Debtor willfully and intentionally converted the eight cows. The record before the Court,

4. While Debtor and his spouse commenced this case as joint petitioners, his spouse was never a party to the transactions or the state court proceedings set forth herein.

consists for the most part solely of testimony of the Plaintiff. The evidence shows only that thirty cows were delivered and twenty-two were returned. No "clear and convincing" proof of conversion has been elicited. The Debtor alleged these animals died, and while he was contractually obligated to provide proof of death, his mere failure to comply with this obligation, without more, is an insufficient basis for this Court to deny the dischargeability of this debt. *See, Hazelwood, supra,* at 213; *In re Schaeffer,* 30 B.R. 301 (Bankr.S.D.Ohio 1983); *In the Matter of Morris L. Haynes,* 19 B.R. 849 (Bankr.E.D.Mich.1982); *In re Maiolo,* 12 B.R. 114 (N.D.Ga.1981). Perhaps if Plaintiff had not stipulated to waiving his right to a hearing before the court, the outcome would be different, but in this regard the Court will not speculate.

Finally, Plaintiff suggests the Debtor has admitted willful and malicious conversion because the latter consented to entry of judgment against him in the state court proceedings. Plaintiff's complaint therein alleged only that the Debtor "wrongfully and unlawfully converted [the eight cows] to his own use ..."; *Montag v. Snell,* Index No. F–81–531 (Complaint, Supreme Court of New York, Madison County, filed June 15, 1981). Assuming, *arguendo,* that Debtor's stipulation acted as an admission of this cause of action, there still remains a dearth of any proof that such action was done willfully and maliciously. *Hazelwood, supra,* at 213–14.

As noted, while the judgment acted to dispose of all three alleged causes of action, the same contained no specific findings of fact to verify or substantiate Plaintiff's present claim that the Debtor's actions fall within the proscribed conduct of § 523(a)(6). While a "technical" conversion of the eight cows may have taken place, the Plaintiff has failed to prove the elements of willfulness or maliciousness necessary to except the liability from discharge. *In re Epperson,* 45 B.R. 708, 711 (Bankr.E.D.Tenn.1985); *Accord, In re Walker,* 44 B.R. 1, 3 (Bankr.S.D.Ohio 1983). In the absence of this essential proof, elicit-

ed clearly and convincingly, the Court will not presume the same.

Based upon the foregoing, it is

ORDERED that the complaint of the Plaintiff asking that the sum of $10,800.00 be declared nondischargeable, is denied.