**In re Mark A. GOULD, d/b/a Gould's Construction, Debtor.**

**Clarence DAWLEY, Plaintiff,**

**v.**

**Mark A. GOULD, d/b/a Gould's Construction, Defendant.**

**Bankruptcy No. 86–00012.
Adv. No. 86–0043.**

United States Bankruptcy Court,
N.D. New York.

Jan. 21, 1987.

See also, Bkrtcy., 65 B.R. 87.

---

Mitchell, Mitchell & Palmer, Oswego, N.Y., for plaintiff; Richard B. Palmer, of counsel.

James F. Selbach, Syracuse, N.Y., for defendant.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This matter comes on before the Court upon the adversary complaint of Clarence Dawley ("Plaintiff"), seeking determination of the nondischargeability of a debt pursuant to § 523(a)(2) and (4) of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code"). Plaintiff alleges that Mark A. Gould, d/b/a Gould's Construction ("Debtor"), fraudulently entered into a written contract for certain construction work without intending to complete the agreement, in violation of Code § 523(a)(2). Additionally, Debtor is alleged to have breached a fiduciary duty to Plaintiff imposed under N.Y. Lien Law § 70(1) and § 79–a (McKinney 1966), thus making the debt nondischargeable under Code § 523(a)(4).[1] The following constitute findings of fact and conclusions of law pursuant to Fed.R.Bank.P. 7052 (applying Fed.R.Civ.P. 52).

### FINDINGS OF FACT

On or about May 20, 1985, Plaintiff and Debtor entered into a written agreement for Debtor's performance of construction services on Plaintiff's real property located in Hannibal, New York. Plaintiff had sought construction of a pole barn structure over a house trailer on his real property. The parties' contract recited that the work[2] was to be performed for the total sum of $5,600.00. The contract set forth a payment schedule of $500.00 due on signing, $3,000.00 when the work was to commence on Wednesday, May 22, 1985, and the balance of $2,100.00 due upon completion. Plaintiff testified that Debtor said he would commence work within a week of the signing of the contract.

Plaintiff paid Debtor $500.00 when the contract was signed. Plaintiff paid this money so that Debtor could buy materials. On May 22, 1985, Plaintiff paid Debtor an additional $3,000.00. As of that date, Debtor had yet to start the work.

On or about June 14, 1985, Debtor requested additional payment from Debtor as the "price of lumber had gone up." Plaintiff paid Debtor $1,350.00, with Debtor promising to commence work within a week.

Sometime after June 14, 1985, some of Debtor's employees came to Plaintiff's property and dug ten or twelve post holes around the house trailer. Debtor did not deliver materials, or perform any further work, even after repeated phone calls from Plaintiff. Some of the post holes (measuring approximately three feet deep and one foot in diameter) were utilized by Plaintiff when the work was completed by a second contractor. Plaintiff acknowledged that Debtor had previously performed other unrelated construction work on the house trailer.

Debtor testified that he resided in Baldwinsville, New York, and that he knew the Plaintiff. He thereafter invoked his rights under the Fifth Amendment to the United States Constitution, and refused to answer

---

1. Plaintiff previously sought summary judgment on that portion of his complaint based upon Code § 523(a)(4). By decision dated August 15, 1985, the Court denied the motion, and dismissed this cause of action with prejudice. The Court held that while Code § 523(a)(4) would apply to an express statutory trust created under New York Lien law, Plaintiff was not an intended beneficiary of the statutory trust scheme.

2. The written agreement of the parties, Exhibit 1, recited that Debtor proposed to furnish all the materials and perform all the labor necessary for the completion of

> "raise trailer roof up so it has a 4–12 pitch. Size of roof is 24 ft. wide and length of trailer. Extend where garage is out 12 ft. Closed in ends of rafters and sides of garage with vinyl siding. install 4 by 4 treated lumber 36 inches in ground to hold roof up."

further questions concerning his involvement with Plaintiff.

At the close of his testimony, Debtor moved to adjourn his portion of the case pending the resolution of outstanding criminal proceedings against him in Onondaga County, New York. The criminal proceedings apparently relate to Debtor's building practices. Decision on this motion was reserved.

## CONCLUSIONS OF LAW

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(I).

■ As the Court has recognized on various occasions, allegations of the nondischargeability of debts must be substantiated with clear and convincing proof. *See, Hartwig v. Medlin (In re Medlin)*, 74 B.R. 726 (Bankr.N.D.N.Y.1986) (Gerling, B.J.); *S.E. Nichols v. McGohan (In re McGohan)*, 75 B.R. 10 (Bankr.N.D.N.Y.1986) (Gerling, B.J.); *Irwin Montag v. Snell (In re Snell)*, 74 B.R. 108 (Bankr.N.D.N.Y.1985) (Gerling, B.J.). *See also, Long Island Trust Co. v. Rodriguez (In re Rodriguez)*, 29 B.R. 537, 539 (Bankr.E.D.N.Y.1983); *Waterbury Community Fed. Credit Union v. Magnusson (In re Magnusson)*, 14 B.R. 662, 667 (Bankr.N.D.N.Y.1981). A narrow and strict construction of the exceptions to discharge under Code § 523(a) is appropriate to avoid frustrating the Code's basic policy of giving the poor but honest debtor a "fresh start". *Congress Financial Corp. v. Levitan (In re Levitan)*, 46 B.R. 380, 383 (Bankr.E.D.N.Y.1985); *Ford Motor Credit Co. v. Gallaudet (In re Gallaudet)*, 46 B.R. 918, 927 (Bankr.D.Vt.1985).

■ In order to sustain a finding that a debt is nondischargeable under Code § 523(a)(2) due to fraud, false pretenses, or false representations, the creditor must show he provided money to debtor due to the latter's materially false statement upon which the creditor reasonably relied. Each element of fraud must be shown. Hence, the creditor must prove intent on the part of the debtor to deceive. *Hartwig v. Medlin (In re Medlin), supra.* The Debtor's fraudulent intent may be inferred from a misstatement of fact which the debtor knows or should know will induce the creditor to act. *First Nat. Bank of Red Bud v. Kimzey (In re Kimzey)*, 761 F.2d 421, 424 (7th Cir.1985). The intent to deceive may also be inferred from the evidence as a whole, *Buco v. Salvatore (In re Salvatore)*, 46 B.R. 247, 250 (Bankr.D.R.I.1984), or circumstantial proof. *Lesser v. Jewel Factors Corp.*, 470 F.2d 108, 110 (2d Cir. 1972); *New York Credit Men's Adjustment Bureau, Inc. v. Adler*, 2 B.R. 752, 756 (S.D.N.Y.1980). But the proof must show that debtor's deceptive intent existed as of the debt's inception. *Seepes v. Schwartz (In re Schwartz)*, 45 B.R. 354, 357 (S.D.N.Y.1985); *In re Kiernan*, 17 B.R. 362, 365 (Bankr.S.D.N.Y.1982). It is insufficient to simply show that the debtor left unfulfilled a prior representation or promise. *Seepes v. Schwartz (In re Schwartz), supra; Thomas v. Ashley (In re Ashley)*, 5 B.R. 262, 266 (Bankr.E.D. Tenn.1980); *Koma v. Brooks (In re Brooks)*, 4 B.R. 237, 238 (Bankr.S.D.Fla. 1980). Were this showing sufficient, almost every debt would be nondischargeable under Code § 523(a)(2).

■ Additionally, the creditor must rely upon the debtor's representations. *Good Leasing, Inc. v. Finkel (In re Finkel)*, 21 B.R. 17, 20 (Bankr. 9th Cir.1982); *Hurlbert v. Drake (In re Drake)*, 5 B.R. 149, 151 (Bankr.D.Idaho 1980).

■ The record before the Court consists almost exclusively of the testimony of Plaintiff. While this proof goes far in establishing that party's reliance upon Debtor's representations, it does little to shed light on Debtor's intentions when he entered into the contract for the construction services. There has been no showing that Debtor lacked the capacity to fulfill the contract terms on May 20, 1985, or at any time thereafter. There is no showing of a common course of conduct by Debtor in entering into construction contracts, and

**228**

thereafter failing to substantially fulfill his obligations thereunder. There is no showing that Debtor's various representations that he needed money to purchase materials were untrue. While Debtor's refusal to testify justifiably results in the Court drawing an adverse inference, *cf., Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976)(inappropriate to draw such inference in a criminal proceeding), it is insufficient to rise to the level of the clear and convincing proof necessary to sustain the Plaintiff's burden.

Based upon the foregoing, it is

ORDERED:

1. The debt due Plaintiff Clarence Dawley is dischargeable in bankruptcy.

2. Debtor's motion for an adjournment is denied.